

MR

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

NICOLE DAVIS,                                    )
                                                 )
            Plaintiff,                           )
                                                 )
    v.                                           )        Case No. 1:25-cv-7821
                                                 )
LEON & GEORGE, INC.,                             )
                                                 )
            Defendant.                           )
_____ )

**FILED**

SEP 12 2025 PJJ

**THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT**

## **DEFENDANT'S MOTION TO DISMISS THE COMPLAINT AS MOOT**

Defendant Leon & George, Inc. ("Defendant"), by and through its pro se representative, Nicolas

Bartoli, respectfully moves this Court to dismiss the Complaint pursuant to Federal Rule of Civil

Procedure 12(b)(1) for lack of subject matter jurisdiction. In support, Defendant states as

follows:

## **INTRODUCTION**

Plaintiff's lawsuit seeks injunctive relief under Title III of the Americans with Disabilities Act

("ADA"), alleging that Defendant's website, https://www.leonandgeorge.com, is not accessible

to individuals with visual impairments. However, since before the filing of this action, and

continuing to the present, Defendant's website has included substantial accessibility features, and

Defendant has further addressed each allegation raised in the Complaint. Because Title III

provides only injunctive relief, and the alleged barriers have been remedied, Plaintiff's claims are

moot and this Court lacks subject matter jurisdiction.

1

## LEGAL STANDARD

Article III of the Constitution limits federal jurisdiction to actual, ongoing cases or controversies. A claim becomes moot when the alleged violation has been remedied and there is no reasonable expectation of recurrence. *Acheson Hotels, LLC v. Laufer*, 601 U.S. 1 (2023); *Wisconsin Right to Life, Inc. v. Schober*, 366 F.3d 485, 491 (7th Cir. 2004). In ADA Title III cases, where only injunctive relief is available, courts routinely dismiss claims as moot once accessibility barriers are resolved. See, e.g., *Diaz v. Kroger Co.*, 2019 WL 2357531, at *2 (S.D.N.Y. June 4, 2019).

## ARGUMENT

1.      Plaintiff's Requested Relief Has Already Been Achieved

Title III of the ADA authorizes only injunctive relief requiring the removal of accessibility barriers. Because Léon & George, Inc. has already addressed the allegations in the Complaint, there is no basis for ongoing judicial intervention.

As explained in the accompanying Declaration of Nicolas Bartoli:

        a.      The Website already included accessibility features prior to the filing of this case, including automatic detection of high-contrast settings, reduced motion preferences, and increased text scaling, as well as a manual accessibility toggle to allow user control. (Declaration  3, Exhibit A).

        b.      An Accessibility Statement has long been published on the Website, encouraging users to contact the company directly if they encounter difficulties. (Declaration   4, Exhibit B).

        c.      Following receipt of the Complaint, Defendant conducted accessibility testing using Lighthouse and Accessibility Checker screen reader software, resulting in an accessibility score of 100/100 and 95/100, respectively, and confirming usability by screen reader technology. (Declaration   5, Exhibit C).

2

d.     Minor issues identified during testing, including alt text consistency and ARIA role adjustments, have been corrected. (Declaration   6, Exhibit D).

e.     Defendant has adopted ongoing monitoring procedures, with automated accessibility scans each month and manual screen reader checks each quarter, to ensure continuing compliance. (Declaration   7).

Because the alleged barriers have been resolved, the injunctive relief Plaintiff seeks has already been achieved, and no further relief is available.

2.     Plaintiff's Claims Are Moot Because the Alleged Barriers Have Been Resolved

The Supreme Court has confirmed that ADA website accessibility cases may become moot when the alleged barriers are remedied. In Acheson Hotels, LLC v. Laufer, 601 U.S. 1 (2023), the Court dismissed an ADA website case as moot after the business corrected the complained-of accessibility issues, eliminating any live controversy.

The Seventh Circuit has likewise explained that mootness applies when the challenged conduct "cannot reasonably be expected to recur." Wisconsin Right to Life, Inc. v. Schober, 366 F.3d 485, 491 (7th Cir. 2004). That principle applies equally in ADA Title III litigation, where defendants demonstrate that alleged barriers have been resolved and are not reasonably likely to return.

Here, Defendant's website was already equipped with accessibility features before this lawsuit, including automatic detection of high-contrast mode, reduced motion settings, and increased text scaling, as well as a manual accessibility toggle to allow user control. Defendant also published

3

an Accessibility Statement inviting users to contact the company directly if they experienced difficulties.

After receiving the Complaint, Defendant conducted comprehensive accessibility testing using Google Lighthouse and Accessibility Checker screen reader technology. These tests confirmed accessibility compliance, with Lighthouse producing a score of 100/100 and Accessibility Checker a score of 95/100. Minor issues identified—such as image alt text consistency and ARIA role adjustments—were corrected immediately. (Declaration ¶¶ 5–6). Defendant has also implemented ongoing monitoring, with monthly automated scans and quarterly manual audits, to ensure continued compliance. (Declaration   7).

District courts evaluating ADA website claims have dismissed actions under similar circumstances, finding that remediation renders the claims moot. See Diaz v. Kroger Co., 2019 WL 2357531 (S.D.N.Y. June 4, 2019); Wu v. Jensen-Lewis Co., Inc., 345 F. Supp. 3d 438, 441 (S.D.N.Y. 2018).

Because Title III of the ADA authorizes only injunctive relief, and Defendant has already implemented accessibility measures that resolve the alleged barriers, there is no further relief the Court can grant. The claims must therefore be dismissed as moot.

3.      Plaintiff Is Not Entitled to Monetary Damages

Plaintiff cannot avoid mootness by seeking damages. Title III of the ADA does not authorize compensatory or punitive damages. See Wander v. Kaus, 304 F.3d 856, 858 (9th Cir. 2002). As injunctive relief is no longer available, the Complaint must be dismissed.

### CONCLUSION

For the foregoing reasons, Defendant respectfully requests that this Court dismiss Plaintiff's Complaint in its entirety as moot, and grant such further relief as the Court deems just and proper.

Dated: September 11, 2025

Respectfully submitted,

**/s/ Nicolas Bartoli**
Nicolas Bartoli
Founder, Léon & George, Inc.
2261 Market Street STE 86535
San Francisco, CA 94114
415-312-8345
nicolas@leonandgeorge.com
Pro Se Defendant

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| NICOLE DAVIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:25-cv-7821 |
| | ) | |
| LEON & GEORGE, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## CERTIFICATE OF SERVICE

I, Nicolas Bartoli, certify that on September 11, 2025, I served a true and correct copy of the

foregoing Notice of Motion, Motion to Dismiss, Declaration of Nicolas Bartoli, and Exhibits, by

email upon the following counsel of record:

> Alison Chan, Esq.
> Eastman, Abrahams, Levi & Greenberg, LLP
> 225 West 34th Street, Suite 1900
> New York, NY 10122
> Email: achan@ealg.law

Dated: September 11, 2025     Respectfully submitted,

           **/s/ Nicolas Bartoli**
           Nicolas Bartoli
           Founder, Léon & George, Inc.
           2261 Market Street STE 86535
           San Francisco, CA 94114
           415-312-8345
           Email: nicolas@leonandgeorge.com
           Pro Se Defendant



**This envelope is only for FedEx Express® shipments.**

You can help us get your package safely to its destination by packing your items securely. Need help? Go to **fedex.com/packaging** for packing tips.

Check your FedEx shipping document, the current FedEx Service Guide, or the conditions of carriage for complete terms, conditions, and limits of liability.

© 2025 FedEx 155475/155476 REV 2/25



PAP 21

Please recycle. See how we are connecting the world in responsible and resourceful ways at **fedex.com/sustainability**. Recycling options may vary by location.



**Scan to learn how we can help make Earth a priority together.**

